IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MARVIN WAYNE GRAVES, #1709000 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv585 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Marvin Wayne Graves, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Grayson County conviction for the offense of Murder. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was convicted after a jury trial on March 10, 2011. His conviction was affirmed. *Graves v. State*, No. 05-11-00365-CR, 2012 WL 2106532 (Tex. App. - Dallas June 12, 2012, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on October 24, 2012. Petitioner did not seek review in the United States Supreme Court; thus, his conviction became final ninety days later on January 22, 2013. The present petition was due one year later on January 22, 2014, in the absence of tolling provisions. It was not filed until August 17, 2017. Petitioner did not file an application for a writ of habeas corpus in state court until July 1, 2016. By then, the limitations period had long expired. The pendency of the state application did not effectively toll the deadline of January 22, 2014. Petitioner has not shown that any other tolling provision applies; thus, the petition is time-barred.

1

Petitioner's objections do not address the findings and conclusions of the Magistrate Judge. He has not shown that his petition is not time-barred. Instead, he discusses the merits of his case and inconsistencies in the evidence. His objections are non-responsive. He also asserts that he should receive a hearing. When a habeas petitioner requests an evidentiary hearing, district courts have discretion over whether to grant one. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). The Supreme Court found that no abuse of discretion occurs when, assuming "the truth of all the facts" the petitioner seeks "to prove at the evidentiary hearing," we are confident that "he still could not be granted federal habeas relief." *Id.* at 481. Assuming the truth of Petitioner's factual allegations, he still has not shown that his petition is not time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 20th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE